CAMPBELL, P. J.,
— Defendant was charged with operating while under the influence of intoxicants: 75 PS §1037. He elected a nonjury *745 trial and the facts were stipulated by agreement of counsel. Since the guilt or innocence of defendant rests on a question of law, we feel obligated to file this memorandum.
Defendant, after drinking alcoholic beverages at a football game, retired to and fell asleep in his automobile parked in a high school parking lot. He was awakened and asked to move his car to accommodate the exit of another automobile. In complying with the request, defendant backed his automobile several feet when it collided with an unloaded school bus. When the police arrived, they found defendant obviously under the influence of intoxicating beverages. A breatholizer examination indicated .17 of one percent blood alcohol.
The legal question involved is whether or not a conviction can be obtained when defendant was not driving on a public highway. Although not passed upon by the appellate courts in Pennsylvania, a number of our sister courts have held that a defendant need not be driving on a public highway in order to sustain a conviction for driving under the influence. See Commonwealth v. Campbell, 84 Pitts. L.J. 681 (1936); Commonwealth v. Goldscheiter, 57 D. & C. 490 (1946); Commonwealth v. Kendrick, 70D. & C. 366 (1949); Commonwealth v. Trego, 10 Chester 631 (1962), and Commonwealth v. Beese, 47 D. & C. 2d 413 (1968).
We are somewhat sympathetic with the predicament in which defendant found himself but from a reading of the statute and the cases above cited, we believe defendant must be found guilty. We adopt the rationale of the above-recited cases without further comment or argument thereon. We will, therefore, file the appropriate verdict contemporaneously with this opinion.